**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**KAREEM HOLLOWAY** **PETITIONER**
**ADC #111757**

**VS.** **NO. 5:10CV00315-JMM-BD**

**RAY HOBBS,**
**Director, Arkansas Department of Correction** **RESPONDENT**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

The following recommended disposition has been sent to United States District Judge James M. Moody. You may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the Recommended Disposition. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II. **Background**

On July 17, 2001, a Pulaski County Circuit Court entered a judgment and commitment order stating that Petitioner entered a plea of guilty to murder in the first degree, aggravated robbery, and theft of property. (#1 at pp. 7-13) *Holloway v. State*, 2010 Ark. 42, 2010 WL 322995 at *1 (Jan. 28, 2010). The judgment and commitment order sentenced Petitioner to an aggregate term of 240 months in the Arkansas Department of Correction ("ADC"). *Id.*

Petitioner did not file a petition under Rule 37.1 of the Arkansas Rules of Criminal Procedure with the trial court seeking post-conviction relief. On September 8, 2008, however, Petitioner filed a *pro se* "Motion for Entry of Nunc Pro Tunc Order for Credit for the Correct Amount of Time Spent in Custody" with the trial court. (#1 at pp. 23-25) The trial court denied the motion in an order filed September 18, 2008, on grounds that Petitioner was not entitled to credit for time served on a prior conviction. (#1 at p. 29) Petitioner filed a timely notice of appeal of the trial court's denial of his motion. (#1 at p. 30) In his appellate brief, Petitioner claimed the trial court erred by not granting his motion. (#1 at p. 50)

In a *per curiam* opinion issued January 28, 2010, the Arkansas Supreme Court affirmed the trial court because Petitioner's motion for credit towards his sentence was required to be brought within ninety days of entry of the judgment by the trial court, under Arkansas Rule of Criminal Procedure 37.2, and Petitioner's motion was not brought until

years after the judgment was entered. (#1 at pp. 62-63) *Holloway v. State*, 2010 Ark. 42, 2010 WL 322995 at *1 (Jan. 28, 2010).

In his habeas petition, Petitioner again claims that he is entitled to credit for time served in state custody on a prior conviction. (#1 at pp. 1-2) Respondent argues that all of Petitioner's claims are barred by the statute of limitations, are procedurally barred, or are without merit. For the reasons set forth below, the Court recommends that the District Court dismiss Petitioner's habeas petition.

## III. <u>Discussion</u>

### A. *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year statute of limitations for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It also provides for tolling of the statute of limitations during the time, "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A petition for Rule 37 post-conviction relief that is untimely filed is not, however, a "properly filed application for State post-conviction or other collateral review," and 28

U.S.C. § 2244(d)(2)'s tolling provision does not apply in that circumstance. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).

In this case, Petitioner entered a guilty plea that precluded him from filing a direct appeal. See ARK. R. APP. P. CRIM. 1(a). Consequently, his conviction became final on the date the trial court entered the judgment and commitment order, July 17, 2001. He had ninety days following the entry of judgment by the trial court to file a petition for relief under Rule 37. He never filed a petition for post-conviction relief under Rule 37, but did file a motion seeking relief covered by Rule 37.2 more than seven years after his judgment and commitment order was entered and after the statute of limitations to file a federal habeas petition had expired.

The trial court held that Petitioner was not entitled to credit for time served. (#1 at p. 29) The Arkansas Supreme Court held that Petitioner's request for relief was required to be brought under to Rule 37 and thus was untimely. *Holloway v. State*, 2010 Ark. 42, 2010 WL 322995 at *1 (Jan. 28, 2010). Accordingly, Petitioner is not entitled to any statutory tolling during the time his motion or appeal was pending in the state courts. See *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010)("if a state court finds that a motion fails to comply with filing requirements, that motion is not 'properly filed,' regardless of whether those filing requirements are firmly established and regularly followed")(citing *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006)); see also *Cross-Bey v.*

*Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (statute of limitations period is not tolled during the pendency of a proceeding commenced after the limitations period has expired).

Because Petitioner is not entitled to statutory tolling, the Court must determine whether he is entitled to equitable tolling. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)).

In this case, Petitioner has not diligently pursued his rights. On January 28, 2010, the Arkansas Supreme Court affirmed the trial court's denial of Petitioner's request for credit toward his sentence. *Holloway v. State*, 2010 Ark. 42, 2010 WL 322995 at *1 (Jan. 28, 2010). Petitioner waited nine months after the Arkansas Supreme Court's decision, until October 29, 2010, to file this habeas petition. Petitioner failed to pursue his rights diligently. See *Nelson*, 618 F.3d at 893 (petitioner who waited nine months after Arkansas Supreme Court denied rehearing had not diligently pursued his rights); see also *Pace*, 544 U.S. at 419 (petitioner who waited five months after the judgment of conviction became final to file his petition was not diligent); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (petitioner who claimed he did not receive notice of his judgment of conviction until approximately seven months after the decision was rendered but did not file within the eight months he had to file his petition was not diligent).

**IV. Conclusion**

Petitioner is not entitled to statutory or equitable tolling, and his federal petition for writ of habeas corpus is barred by the one-year limitations period set out in 28 U.S.C. § 2244(d). Accordingly, the Court recommends that the District Court dismiss Kareem Holloway's Petition for Writ of Habeas Corpus (#1) with prejudice.

DATED this 4th day of January, 2011.

_____________________________________
UNITED STATES MAGISTRATE JUDGE